IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JAMES L. TURNER, | Case No. 07-6158-HO |
|     Plaintiff, | ORDER |
|   v. | |
| Commissioner of Social Security, | |
|     Defendant. | |

    Plaintiff filed this action for review of the decision of the Commissioner denying his application for a period of disability and disability insurance benefits.

    The ALJ did not rely on plaintiff's reference to herniated discs as ruptured discs, as plaintiff contends. (Tr. 283). The ALJ correctly noted there is no diagnostic evidence of ruptured discs, and little if anything in the record to substantiate the 1979 accident when plaintiff injured his back. *Id*. Plaintiff points to no diagnostic evidence of herniated or ruptured discs.

    The ALJ held that plaintiff "cannot be found to be wholly

1 - ORDER

credible regarding any allegation of total disability[,]" and plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (Tr. 285). Plaintiff argues that the ALJ failed to identify and discredit particular complaints. But plaintiff identifies no statements that he contends the ALJ improperly rejected, or that conflict with the ALJ's determination of his residual functional capacity (RFC). The statements identified in plaintiff's brief are not such statements. Pl's Amended Brief at 2-3. As noted, the ALJ correctly determined there is no diagnostic evidence of plaintiff's back injury. As discussed below, the ALJ properly determined that the Veterans Administration's 30% disability relating for post-traumatic stress disorder (PTSD) indicates that plaintiff was not disabled through the date last insured. (Tr. 283).

The ALJ did not reject the VA disability rating, but properly held that it did not show disabling PTSD through 1990. <u>Hutchison v. Astrue</u>, 2008 WL 9067333, *7 (E.D. Wash.); <u>see also</u> 38 C.F.R. § 4.16(a) (total disability rating due to unemployability may be assigned if there is one disability ratable at 60% or multiple disabilities with at least one ratable at 40% and sufficient additional disability to bring combined rating to 70%).

Like the medical expert, the ALJ properly determined that

2 - ORDER

Dr. Koogler's July 1990 report of psychiatric evaluation does not necessarily imply that plaintiff is disabled by PTSD or experiences any specific limitations.  (Tr. 284).  The ALJ went on to reject Dr. Koogler's conclusion that plaintiff is unable to work due to PTSD, to the extent Dr. Koogler so implied.  (Tr. 284).  Dr. Koogler recorded his observations and plaintiff's statements and summarized that plaintiff is disabled from a back injury[1] and "has been able to maintain himself without severe problems with his PTSD by isolating himself from society and living out in the country; the veteran becoming involved as little as possible, with people."  (Tr. 186-87).  Dr. Koogler's July 1990 report contains no opinion regarding the extent of any functional limitations due to PTSD, or whether plaintiff is disabled by PTSD.  The ALJ did not err in his treatment of the report.

## Conclusion

   Based on the foregoing, the decision of the Commissioner is affirmed.

   IT IS SO ORDERED.

   DATED this __17th__ day of November, 2008.

                                       s/ Michael R. Hogan
                                       United States District Judge

---

   [1] As noted, there is no diagnostic evidence of back injury.

3 - ORDER